**AIRPORT OPERATORS COUNCIL INTERNATIONAL, Plaintiff,**

v.

**John H. SHAFFER, Administrator Federal Aviation Administration, Defendant.**

Civ. A. No. 209–73.

United States District Court,
District of Columbia,
Civil Division.

Feb. 13, 1973.

James A. Hourihan, Hogan & Hartson, Washington, D. C., for plaintiff.

Michael Katz, Asst. U. S. Atty., Washington, D. C., for defendant.

---

9. Defendant SFJCC has already agreed to an injunction against its continued use of the designation "Jaycees."

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Upon consideration of the Plaintiff's Motion for a Preliminary Injunction, points and authorities with attached exhibits in support thereof and memorandum in opposition thereto including affidavits, and after oral argument by counsel, the Court makes the following:

### FINDINGS OF FACT

1. The Plaintiff Airport Operators Council International is an unincorporated association of state and local governmental bodies which own and/or operate 132 U.S. airports emplaning approximately 90% of the domestic and virtually all of the U. S. international scheduled airline passengers.

2. The Defendant John Shaffer is the Administrator of the Federal Aviation Administration.

3. The Administrator is authorized to dispense with notice and public procedures prior to issuing new regulations, to take effect within 30 days, whenever he is of the opinion that an emergency requiring immediate action exists in respect of safety in air commerce 49 U.S.C. § 1485(a); or whenever he for good cause finds that notice and public procedures are impracticable or contrary to the public interest and he incorporates this finding and reasons therefor in the regulations issued. Administrative Procedure Act, Section 4, 5 U.S.C. § 553; 14 CFR 107.5(b); 37 F.Reg. 5691.

4. In the opinion of the Administrator, an emergency threat to the safety of air commerce was created by recent air piracies involving a new breed of hijackers, i. e., armed groups of fleeing felons willing to resort to violent tactics on the ground to gain access to the aircraft.

5. The issued regulations cited this emergency as the basis for the Administrator's finding that the usual notice and comment procedures prior to amending regulations were impracticable, contrary to the public interest, and that good cause existed for making new regulations effective in less than thirty days.

6. The Administrator issued Section 107.4 of the regulations effective December 6, 1972, requiring airport operators to amend master security plans by January 6, 1973, in order to provide by February 6, 1973, at least one law enforcement officer at each final passenger screening point throughout the boarding process.

7. The parties agree that sufficiently qualified law enforcement personnel throughout each boarding procedure are absolutely essential to support air security programs, and the only issue is whether the Administrator's failure to give notice and time for comments was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

8. Plaintiff had actual notice in the fall of 1972 that regulations requiring local law enforcement support were imminent as evidenced by a survey of all U. S. airports, taken by Plaintiff, on the question of compliance with the law enforcement personnel requirement.

9. Prior experience in issuing air safety regulations indicated that notice and public procedures might risk further hijackings, 26 hijackings having occurred during a nine month period of public procedures relative to earlier 1972 regulations.

10. The current federal security force of approximately 1200 officers is inadequate to meet the estimated number of law enforcement officials required to man the 504 airports in the United States.

11. The current federal security force will not be withdrawn as a result of the regulations but will be deployed at federal expense to airports which cannot comply with the necessary law enforcement personnel requirements.

12. 483 airports can immediately comply with the regulations, of which 287 are already in compliance and 20

have been granted temporary federal security force help; 17 airports have been granted exemptions; and 4 small airports are currently working out compliance arrangements.

13. In the absence of the regulations, there will be no incentive for air carriers to share the costs of law enforcement support and a substantial number of airport operators will be unable to provide adequate security forces.

14. The safety of air passenger travel will be substantially increased by the regulations.

## CONCLUSIONS OF LAW

1. The Administrator may issue regulations, effective within thirty days, without notice and public procedures whenever the Administrator for good cause finds (and incorporates that finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure on proposed regulations are impracticable, unnecessary or contrary to the public interest, Administrative Procedure Act, Section 4, 5 U.S.C. § 553; or whenever the Administrator is of the opinion that an emergency requiring immediate action exists in respect of safety in air commerce. 14 CFR 107.5(b), 37 F.Reg. 5691; 49 U.S.C. § 1485(a).

2. Plaintiff has not shown a likelihood of success on the merits as it has not made a sufficient showing that the Administrator has abused his discretion, acted arbitrarily or capriciously or otherwise contrary to law.

3. Any loss to Plaintiff would be in the form of a monetary fine which could be recouped by money damages and is not an irreparable injury.

4. The injury to the Defendant is the injury to the air travelling public whose safety would be substantially jeopardized by a failure to implement the regulations.

5. The public interest lies in protecting the safety of air commerce from the threat of a now more sophisticated type of hijacker—the armed and fleeing felon.

## ORDER

Upon consideration of the foregoing Findings of Fact and Conclusions of Law, it is, by the Court this 12th day of February 1973,

Ordered that Plaintiff's Motion for a Preliminary Injunction be, and it hereby is, denied; and it is further

Ordered that the Temporary Restraining Order issued by this Court on February 5, 1973, be, and it hereby is, dissolved.